**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2557-24

SAMIH KIROLOS,

     Plaintiff-Appellant,

v.

STEVEN GORCEY, M.D. and
ALLIED DIGESTIVE
HEALTH LLC,

     Defendants-Respondents.

_____

Argued April 29, 2026 – Decided July 23, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2228-21.

Richard A. Amdur, Jr. (Law Offices of Richard A. Amdur, Jr., LLC) argued the cause for appellant.

Gary L. Riveles argued the cause for respondent Steven Gorcey, M.D. (MacNeill, O'Neill & Riveles, LLC, attorneys; Gary L. Riveles, of counsel; Anelia Dikovytska Brown, on the brief).

Lawrence H. Jacobs argued the cause for respondent Allied Digestive Health, LLC (Dughi, Hewit & Domalewski, PC, attorneys; Lawrence H. Jacobs, on the brief).

PER CURIAM

In this medical malpractice action, the trial court granted defendants' motions for summary judgment and dismissed plaintiff's complaint after concluding that plaintiff's medical expert, Santa Nandi, M.D., failed to establish a sufficient causal connection between the alleged negligent care by defendant Steven Gorcey, M.D. and plaintiff's diagnosis of liver cancer three years later. We affirm.

I.

In February 2016, plaintiff presented to Dr. Steven Gorcey, a gastroenterologist employed by defendant Allied Digestive Health (Allied), for stomach pain. In March 2016, Dr. Gorcey performed a colonoscopy and upper endoscopy, during which he removed two polyps. He informed plaintiff that there were two remaining polyps that needed to be biopsied before they could be removed. After the biopsy was completed, Dr. Gorcey's office informed plaintiff that the results reflected everything was "fine." Neither Dr. Gorcey nor his office advised plaintiff as to the details of the pathology report, including that the biopsied polyp was a rectal carcinoid tumor. Dr. Gorcey removed the

2

remaining two polyps the following week. Plaintiff did not have any follow-up appointments or communication with Dr. Gorcey after that procedure.

In June 2019, plaintiff went to a different physician and underwent a scan for kidney stones that uncovered several liver lesions. After further testing and an MRI, the liver lesions were diagnosed as cancerous.

Plaintiff retained Dr. Nandi, a gastroenterologist, to provide expert opinion. During her deposition, Dr. Nandi discussed Dr. Gorcey's care and treatment of plaintiff, concluding it deviated from the applicable standard of care:

> So[,] he removed a polyp, a rectal polyp. The pathology came back as carcinoid. His colonoscopy report states that the polyp was about 12 millimeters in size, which is more than ten millimeters or one centimeter. I think the pathology also mentioned submucosal invasion. So[,] we've got two clear criteria that came back to him; one is more than a centimeter in size upper rectal carcinoid, and the other is submucosal invasion. The moment you get that, I agree that he brought him back and he also talked about all the additional advanced endoscopy that he likes to do. So[,] someone who does that, I still don't understand why he just brings him back and does another sigmoidoscopy or a colonoscopy and biopsies the area. What was it that doesn't make him do an endoscopic ultrasound of that site and go and check if he has lymph nodes or if the tumor has further invasion? What was it that made him not consider a pelvic MRI or a pelvic CT to look for lymph nodes or local invasion? That was

3

the main breach. That was major negligence. That was the first thing that got my attention.

. . . .

Even if not advanced to the liver or distant metastatic disease, he definitely is required, like all of us, to image the local pelvic area, absolutely.

As to causation, Dr. Nandi testified as follows:

I believe I removed one-centimeter or actually less than one-centimeter rectal carcinoids. I removed two adrenal carcinoids. And there is one thing that I can tell you. When someone says someone had this, it's a slow-growing tumor so the only thing we can take into consideration and no matter what our specialty [is], as long as we [a]re gastroenterologists or oncologists, we take into situation, yes, we have a few factors that we try to put together, but all we can do is conjecture. Everybody can speculate and they're all allowed to do that. What I believe happened here was a missed opportunity to detect local spread and, of course, further spread. If we had only taken into consideration—if Dr. Gorcey had taken into consideration that he measured it as a 12-millimeter tumor, he removed it, he's the guy who does advanced endoscopies, if he had only taken that pathology report and brought him back, he did all the colonoscopy fine, but he never, ever considered looking for local spread or distant spread, which I'm not saying needs to be done right away, but a local spread evaluation must have been done in order to avoid all this that were doing going back and forth, back and forth. If he had only done this, we wouldn't be here going over and over . . . this anymore, and I don't understand still to this date why it wasn't done.

4

Dr. Nandi conceded that plaintiff's treatment would have been the same whether the metastasis was discovered in 2017 or in 2019.

After discovery closed, defendants filed motions for summary judgment, contending plaintiff had not produced expert opinion regarding causation. In an April 14, 2025 written opinion and accompanying order, the trial court granted the motions, stating:

> Defendants submit that they are entitled to summary judgment because [p]laintiff has failed to offer an expert report establishing that Dr. Gorcey's alleged negligence proximately caused [p]laintiff's injury. The [c]ourt finds that although Dr. Nandi offers a critique of Dr. Gorcey's conduct in failing to order certain medical imaging, Dr. Nandi ultimately opines that even with an earlier diagnosis, [p]laintiff's treatment would have been the same. Dr. Nandi offers no opinion as to when [p]laintiff's tumor metastasized, despite her criticism of Dr. Gorcey's failure to order medical imaging. Dr. Nandi's opinion lacks any explanation or allegation that Dr. Gorcey's failure to order medical imaging in any way impacted [p]laintiff's ultimate outcome or that his outcome would have been different had such medical imaging been ordered and reviewed earlier. Therefore, no expert testimony exists to establish a causal connection between Dr. Gorcey's alleged negligence and [p]laintiff's outcome.
>
> As to [Allied], [p]laintiff's claims as to this [d]efendant are only vicarious liability. Since there is no expert testimony establishing causation as to Dr. Gorcey, it follows that there is no basis for vicarious liability of [Allied] as to Dr. Gorcey. Defendant

5

[Allied] is entitled to summary judgment as well as Dr. Gorcey's employer.

The time has passed for [p]laintiff to submit any additional expert reports. Plaintiff has failed to secure any expert who is willing and able to provide the required opinion regarding causation necessary to maintain the instant action. The [c]ourt has allowed for ample time for [p]laintiff to obtain an expert and despite this, no expert is able to be produced.

. . . While [p]laintiff's only expert opines that [Dr. Gorcey] deviated from the standard of care, the [c]ourt finds that [p]laintiff fails to demonstrate through any expert testimony that the deviation proximately caused the injuries.

II.

On appeal, plaintiff argues the trial court erred in granting defendants summary judgment when it determined there was no expert opinion establishing causation. We disagree.

Our review of the trial court's grant or denial of a motion for summary judgment is de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "The court's function is not 'to weigh

6

the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540). A court properly grants summary judgment "when the evidence 'is so one-sided that one party must prevail as a matter of law.'" Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).

"Summary judgment should be granted, in particular, 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

To establish a prima facie case of negligence in a medical malpractice action, a plaintiff must present expert testimony to establish: (1) the relevant standard of care; (2) the doctor's breach of, or deviation from, that standard; and (3) a causal connection between the breach and the plaintiff's injuries. Haviland v. Lourdes Med. Ctr. of Burlington Cnty., Inc., 250 N.J. 368, 384 (2022). "Absent competent expert proof of these three elements, the case is not sufficient

for determination by the jury." Rosenberg v. Tavorath, 352 N.J. Super. 385, 399 (App. Div. 2002).

Plaintiff asserts there is a clear "implication" behind Dr. Nandi's testimony that there was a delay in diagnosing plaintiff's liver cancer from 2016 to 2019 and had Dr. Gorcey diagnosed plaintiff in a timely manner it is likely that plaintiff's liver cancer would not have metastasized. However, neither an "implication" nor plaintiff's contention is sufficient to show any reasonable connection between defendants' acts or omission and plaintiff's damages.

Dr. Nandi did not establish how Dr. Gorcey's alleged failure to order medical imaging impacted plaintiff's outcome if the medical imaging was ordered and reviewed earlier. Dr. Nandi conceded that plaintiff's treatment would have been the same whether the metastasis was discovered in 2017 or in 2019. She stated she was unable to opine as to whether the delayed imaging caused plaintiff's damages, asserting it would be speculative for her to do so. Therefore, the trial court correctly found that plaintiff did not present sufficient expert causation testimony to defeat defendants' summary judgment motions.

As to Allied, plaintiff's claims against that defendant are premised on the concept of vicarious liability. Thus, because plaintiff's claim against Dr. Gorcey

A-2557-24

is not supported by expert opinion on causation, summary judgment was appropriately granted to Allied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hanley

Clerk of the Appellate Division

9

A-2557-24